IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ROBERT DUNHAM, TIMOTHY LERETTE, AND LONNIE ROBERTS,** | § § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | |
| **AMERICAN BUREAU OF SHIPPING; ABS GROUP OF COMPANIES, INC.;  ABS QUALITY EVALUATIONS, INC.;  ABS MARITIME SERVICES, INC.; AND ABSG CONSULTING, INC.; AND BOUCHARD TRANSPORTATION CO., INC.,** | § § § § § § § § § | **CIVIL ACTION NO. 4:20-cv-00111** |
| **Defendants.** | | |

## DEFENDANT BOUCHARD TRANSPORTATION CO., INC.'S MOTION TO SHOW GOOD CAUSE FOR MEDICAL EXAMINATION OF LONNIE ROBERTS WITH ORTHOPEDIC SURGEON DR. CHARLES WATTERS

Defendant, Bouchard Transportation Co., Inc., ("Bouchard"), pursuant to Federal Rule of Civil Procedure 35, files this Motion to Show Good Cause for Medical Examination of Plaintiff Lonnie Roberts ("Roberts") and in support thereof states as follows:

### SHORT STATEMENT OF THE NATURE & STAGE OF THE PROCEEDING:

This personal injury case arises from injuries suffered by Roberts on or about October 20, 2017, while on Bouchard's tug, the Buster Bouchard ("Tug").  The Plaintiffs in this case – Roberts, Timothy Lerette ("Lerette") and Robert Dunham ("Dunham") -

originally filed Petitions against Bouchard on January 26, 2018, in Nueces County, Texas, Case No. 2017CCV-61972-4 ("Nueces County case").  Roberts filed a Notice of Non-Suit in the Nueces County case  on December 11, 2019, and an Order of Nonsuit was entered on December 26, 2019.  On December 4, 2019,  Roberts filed his First Amended Petition in Harris County, Texas, Case No. 2019-85459 ("Harris County case").  The Harris County case was removed to this Court on January 10, 2020.

The history of Bouchard's efforts to obtain physical examinations of the Plaintiffs in this case is long and well-documented. Bouchard first requested a physical examination in the Nueces County case ("Examinations") and filed Motions to Compel Examination of each Plaintiff on July 26, 2019. After coordinating for the better part of a year, on November 11, 2019, Bouchard scheduled Examinations of each Plaintiff between January 21 and January 24, 2020.  On November 22, 2019, Bouchard requested confirmation of the Examinations in the Nueces County case.  Plaintiff's counsel was nonresponsive and refused to confirm the scheduled IMEs.

The Plaintiffs, including Roberts, failed to attend the scheduled Examination between January 21 and January 24, 2020.

Bouchard now moves this Court for an Order compelling Roberts to submit to a physical examination under Fed.R.Civ.P. 35 on June 23, 2020, because Plaintiff has placed his orthopedic physical condition at issue and in controversy.

## STATEMENT OF THE FACTS NECESSARY TO RESOLVE THE MOTION

1.      On or about April 28, 2020, Bouchard received a letter from Plaintiffs' counsel requesting payment of $319,734.56 within five days to Kraus Back & Neck Institute. The correspondence stated that Dr. Oishi plans to perform an anterior L4-5 lumbar discectomy and artificial disc placement on Plaintiff Lonnie Roberts. See Exhibit A.

2.      On May 5, 2020, Bouchard responded and requested the Examination of Plaintiff Lonnie Roberts. See Exhibit B.  As noted therein, Bouchard had requested the Roberts' Examination **on thirteen separate occasions** in 2019.  Bouchard had previously arranged for five physicians to examine Plaintiff Lonnie Roberts in Houston, Texas during the week of January 20, 2020. *Bouchard even agreed to pay travel and lodging costs for Plaintiff Lonnie Roberts' trip in connection with the IMEs.* As noted above, Roberts' counsel failed to respond and refused to confirm the scheduled Examinations.

3.      On May 8, 2020, counsel for Bouchard called and emailed Plaintiff's counsel, requesting Examinations of each Plaintiff.  See Exhibit C.

4.  Bouchard  proposed  and  proposes  the  following  parameters  for  the Examination by Dr. Watters of Plaintiff Lonnie Roberts:

> 1.      The exam will take place on June 23, 2020, in Houston, Texas.
>
> 2.      The location will be a neutral clinic or hospital setting that will be selected and paid for by Defendant. The choice of the examination location is at Defendant's sole discretion.
>
> 3.      The physical examinations by Dr. Watters will last no more than two hours.

3

4.      Counsel for Defendant is responsible for providing all records to the doctor and Roberts is not required to bring anything to the exam other than valid identification.

5.      Roberts will answer questions relevant to his medical condition, including any relevant pre-existing conditions, but will not discuss the liability issues in the case.

6.      No one is allowed in the examination room except the examining doctor and the Plaintiff. The exams will not be videotaped.

7.   No other doctor, therapist, third-party or other individual will have access to the Plaintiff, other than the examining physician.

8.   Defendant will reimburse within 30 days the reasonable travel costs for Roberts to attend the medical exam, including coach transportation and moderate hotel accommodations.

9.   The examining doctor will prepare a report of his findings within 30 days of the completion of the examination.

10.   The doctor will retain all handwritten notes and maintain all documents generated as a result of the examination.

5.      On May 11, 2020, Roberts' counsel responded to Bouchard's examination request by denying access to Lonnie Roberts, and instead reiterated his demand for immediate payment for the surgery. See Exhibit D.

6.      Bouchard followed-up with Plaintiff's counsel on May 14, 2020, by e-mail, certifying that Bouchard had attempted to confer and resolve the matter without court intervention. See Exhibit E.

7.      On June 5, 2020, Bouchard again requested the medical examination of Roberts. See Exhibit F.

Legal\D6382\B24753\4835-8069-2415.v1-6/10/20

## STATEMENT OF THE ISSUES REQUIRING RESOLUTION

8.     Plaintiffs, specifically including Roberts for the purpose of this motion, have failed to respond to Bouchard's requests for medical examinations.

9.     Dr. Charles Watters is available to examine Roberts on June 23, 2020. The purpose of the examination includes the determination, among other things, whether Roberts does indeed need the surgery recommended by Dr. Oishi.

10.     Bouchard respectfully requests this Court enter an Order compelling Roberts to attend the physical examination on June 23, 2020 with Dr. Watters, under the parameters set forth above.

11.     Accordingly, for the reasons set forth more fully herein, Bouchard respectfully requests this Honorable Court enter an Order requiring Plaintiff to attend the compulsory examination as set forth above.

## I.     AUTHORITY & ARGUMENT

### A. Bouchard Is Entitled To Have The Plaintiff Examined

Federal Rule of Civil Procedure 35 states "[t]he court where the action is pending may order a party whose mental or physical condition… is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control . . . The order: (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and (B) must specify the time,

place, manner, conditions, and scope of the examination, as well as the person or persons

who will perform it." *See* Fed. R. Civ. P. 35(a)(1)-(2).

> [O] ne of the purposes in granting a Rule 35 request is to "preserve the equal
> footing of the parties to evaluate the plaintiff's [physical or mental condition]
> . . . ." *Shadix-Marasco*, 2011 U.S. Dist. LEXIS 54559, 2011 WL 2011483,
> at *3 (quoting *Duncan*, 155 F.R.D. at 25); *see also Ragge v. MCA/Universal
> Studios*, 165 F.R.D. 605, 608 (C.D. Cal. 1995) ("One of the purposes of Rule
> 35 is to 'level the playing field' between parties in cases in which a party's
> physical or mental condition is in issue."). The Court notes that this is an
> adversarial process, and "the purpose of a retained expert is to advocate
> within reasonable grounds on behalf of the person for whom retained."
> *Minnard*, 2008 U.S. Dist. LEXIS 6149, 2008 WL 150502, at *2. As stated
> by *Minnard*, it is highly unlikely that a retained expert will "simply be
> parroting the facts of [a previous] examination." *Id.* Consequently, any
> perceived independent operation of Rules 26 and 35 seems to fade "where
> the Rule 35 examination request . . . is initiated for the purpose of providing
> expert testimony at trial . . . ." *Perez v. Veins II*, 2011 U.S. Dist. LEXIS
> 23991, 2011 WL 855673, at *3 (D. Neb. Mar. 8, 2011).

*Diaz v. Con-Way Truckload, Inc.*, 279 F.R.D. 412, 419, (S.D. Tex. 2012).

Bouchard is entitled to have the Plaintiff examined by Dr. Watters. Dr. Watters is

clearly qualified to examine Roberts. He is a board certified orthopedic surgeon, suitably

licensed and certified. See the curriculum vitae of Dr. Watters, attached as Exhibit G. The

Plaintiff alleges injuries to his neck and back which are orthopedic in nature and has also

demanded that Bouchard pay almost $320,000 for a back surgery as part of Bouchard's

cure obligations to Roberts. Further, Roberts' alleged damages include past and future

medical expenses, impairment, and disfigurement related to those alleged orthopedic

injuries. *See* Plaintiffs' Amended Petition at IX, Prayer. Accordingly, Roberts' physical

condition is in controversy.

6

Roberts alleges that he was injured on or about October 20, 2017, when he fell down the staircase while going down to the lower wheelhouse on Bouchard's tug the Buster Bouchard. See Exhibit H, Deposition of Lonnie Roberts, taken on March 5, 2019, at pages 177, 240 and 241. On October 25, 2017, Roberts was examined at Northwest Diagnostic Clinic where he had complaints of back pain, stress and tearfulness. Roberts' treatment continued November 17, 2017, when he saw a chiropractor with shoulder pain. See Exhibit I.  On April 2, 2018, he underwent shoulder surgery. See Exhibit J

In order to determine the extent of Roberts' alleged injuries, including whether the proposed surgery is indeed necessary and causally related to this accident, Bouchard now moves the Court to compel Roberts to attend the proposed physical examination of the spine by Dr. Watters.

As noted above, for the better part of a year, Bouchard has requested and then moved to compel each Plaintiff's medical and psychiatric examinations. Although Bouchard has not addressed its requests for examinations of Lerette and Dunham in this motion, Bouchard re-urges its previous requests and may again be forced to seek the Court's intervention if Lerette and Dunham will not agree to the examinations. Bouchard does not waive its right to seek additional physical examinations of Roberts or any other Plaintiff. This motion is the first filed because of Roberts' claim for an exigent need for surgery.

Dr. Watters' protocol for examination will include but will not be limited to range of motion tests on Roberts' hips, knees, ankles, shoulders, neck, elbows and wrist. Palpation of peripheral pulses for vascular examination, motor testing, sensory testing and

7

reflex testing of Plaintiff's complaints of any and all injuries and/or aggravations alleged. Dr. Watters will request Roberts fill-in in-take forms pertaining to his medical condition and medical history.

### B.  Only Roberts and Dr. Watters May Attend the Examination.

Rule 35 is silent about who may attend a compulsory examination and about the procedures associated with the examination. Courts in this District have found that physical examinations under Rule 35 are subject to the general provisions of Rule 26(c) and the Plaintiff has the burden to show that third parties should be allowed in the examination room:

> the party seeking the presence of a third party at a Rule 35 examination still sustains the burden of convincing the court that good cause exists for a protective order and that such a third-party presence is necessary. *Calderon v. Reederei Claus-Peter Offen GmbH & Co.*, 258 F.R.D. 523, 526 (S.D. Fla. 2009). In this context, "broad allegations of harm unsubstantiated by specific examples" does not suffice to meet the Rule 26(c) test. *Bridges*, 850 F.Supp. at 223. Rather, the inquiry becomes whether "special circumstances are present which call for a protective order tailored to the specific problems presented." *Calderon*, 258 F.R.D. at 526.

*Ornelas v. Southern Tire Mart, LLC*, 292 F.R.D. 388, 395, 2013 U.S. Dist. LEXIS 53164, *19-20 (S.D. Tex. 2013).  The recording of examinations is a similar request as attendance, and requires that plaintiff demonstrate a special circumstance for a third party's presence. *Casmier v. Cincinnati Ins. Co.*, 2017 U.S. Dist. LEXIS 212217, *6-7 (E.D. La. 2017). In this case, Roberts has not yet shown that good cause exists for any person to attend the proposed examination other than Roberts and Dr. Watters.

Legal\D6382\B24753\4835-8069-2415.v1-6/10/20

## CONCLUSION

**WHEREFORE**, Plaintiff Lonnie Roberts' physical condition is at issue in this matter and Bouchard has shown good cause for the Court to compel Plaintiff to attend the requested examination under Rule 35. Bouchard moves the Court for an Order compelling Roberts' appearance and attendance at a physical examination with Dr. Charles Watters on June 23, 2020, within the parameters contained in the accompanying proposed Order.

## **CERTIFICATION OF GOOD FAITH CONFERENCE**

The undersigned certify that they have attempted to confer with counsel for Plaintiffs before filing this Motion, and Plaintiffs' counsel has failed to provide any response. The Plaintiff has not agreed to a date and time for the CMEs with Dr. Watters, prior to the filing of the instant Motion.

**WHEREFORE**, Bouchard respectfully requests this Court grant this motion, enter an Order compelling Roberts' attendance at the physical examination requested herein and that the Court grant any other relief it deems appropriate.

Respectfully submitted,

**CLARK HILL PLC**

*/s/ Bijan R. Siahatgar*
**BIJAN R. SIAHATGAR**
Attorney-In-Charge
State Bar No. 18336200
SDTX No. 13796
bsiahatgar@clarkhill.com
909 Fannin Street, Suite 2300
Houston, Texas 77010

9

Phone: (713) 951-5666
Fax: (713) 951-5660

**Of Counsel:**

**HAMILTON, MILLER & BIRTHISEL, LLP**
**JERRY D. HAMILTON**
Florida State Bar No. 970700
Admitted *Pro Hac Vice*
jhamilton@hamiltonmillerlaw.com
150 Southeast Second Avenue,
Suite 1200
Miami, Florida 33131
Phone: (305) 379-3686
Fax: (305) 379-3690

**CERTIFICATE OF SERVICE**

I hereby certify that on 10th day of June,  2020, that the foregoing document was served on all known counsel of record via CM/ECF pursuant to the Federal Rules of Civil Procedure. system of the Court.

*/s/ Bijan R. Siahatgar*
**Bijan R. Siahatgar**

10
